Jacob Clearwater, Jr., Respondent, *v.* Cyrenius F. Brill, Appellant.

An officer, acting under process apparently valid but actually void, may avail himself thereof for defence but not for aggression.

Where, therefore, an officer, who, by virtue of a process valid upon its face but void for want of jurisdiction in the court issuing it, has levied upon and taken possession of property, brings an action to recover the property against another officer, who, by virtue of process against the owner, apparently valid, has taken it from plaintiff's possession, the character of such possession is a subject of inquiry and attack, and the invalidity of the process under which plaintiff acted may be shown; but defendant's process protects him and its validity cannot be assailed. Plaintiff's process, however, and his possession under it, establish, *prima facie,* a right of action.

*Clearwater* v. *Brill* (4 Hun, 728) reversed.

(Argued November 1, 1875; decided November 30, 1875.)

This was an action to recover possession of certain personal property. Plaintiff, as constable, by virtue of several attachments issued by a justice of the peace, valid upon their face, levied upon and took possession of the property. While so in possession, defendant, as sheriff, by virtue of another attachment, valid upon its face, issued to him against the owner, levied upon and took the property from plaintiff's possession. Prior to the time of this taking, judgment had been obtained in the attachment suits and executions issued thereon to plaintiff, who levied upon the property by virtue thereof. Upon the trial plaintiff introduced the execution, showed the levy and that the property was taken from his possession and rested. Defendant's counsel moved for a nonsuit upon the ground that it was incumbent upon plaintiff to prove the validity of the judgments and the proceedings upon which they were founded. The motion was denied and defendant's counsel excepted. Defendant introduced in evidence his attachment and the affidavits on which the plaintiff's attachments were issued and the proceeding before the justice in the actions so commenced. Plaintiff, thereupon, put in evidence, under objection, the affidavit on which defendant's attachment was issued. The court directed a verdict for plaintiff. *Held,*

error, that while the executions, apparently valid, and the possession of plaintiff were sufficient *prima facie* to sustain the action, that the character of plaintiff's possession could be inquired into and attacked, and the invalidity of the process and the judgments could be shown; that as upon a former appeal in this action the Commission of Appeals held that the affidavits upon which the plaintiff's attachment were issued were insufficient to confer jurisdiction, and that the subsequent proceedings were void (see Mem., 61 N. Y., 625), this question was *res adjudicata*, the executions being issued on void judgments gave no title, and possession under them was unlawful and would not sustain the action as against one so connected with the true title as that the law would defend him in the possession, in which position defendant stood; and that the validity of defendant's attachment could not be assailed.

*M. Schoonmaker* for the appellant.

*F. L. Westbrook* for the respondent.

FOLGER, J., reads for reversal and new trial; ALLEN, MILLER and EARL, JJ., concur.

CHURCH, Ch. J., and ANDREWS, J., concur in result on the ground that defendant's attachment was valid; with this EARL, J., also concurs.

Judgment reversed.