THE PRODUCE BANK OF THE CITY OF NEW YORK, Appellant, *v.* JOSEPH MORTON et al., Respondents.

In an action against three copartners upon a partnership obligation the summons was served upon two, and judgment was perfected by default against the two served. An execution was issued against the joint property of all the defendants and returned unsatisfied. *Held,* that plaintiff had sufficiently exhausted its remedy at law to entitle it to proceed in equity to reach joint property. (Code, § 294.)

Also, *held,* that an order amending the defect in the entry of judgment *nunc pro tunc,* made after the commencement of the equitable action, was valid and effectual,

Under the act of 1874 (chap. 600, Laws of 1874) in relation to assignments for the benefit of creditors, an omission to make and deliver verified schedules does not invalidate the assignment.

A judgment in an action to set aside an assignment for the benefit of creditors, adjudging the assignment to be null and void, directing the assignor to account before a referee, and that a receiver be appointed to take charge of the assigned property, to pay out of it plaintiff's judgment, and to hold the residue subject to the order of the court, is a final judgment, reviewable by appeal. It is not a proper case for a motion for a new trial under section 268 of the Code.

Upon appeal from an order granting a new trial, where judgment has been rendered for a specific amount, that amount, exclusive of interest after its rendition, must be the test to determine whether the order is appealable under the act of 1874 (chap. 322, Laws of 1874) prohibiting appeals where the amount of the judgment or subject-matter in controversy does not exceed $500.

The principles decided in this case below (8 J. & S., 328) disapproved.

(Argued September 22, 1876; decided November 14, 1876.)

APPEAL from order of the General Term of the Superior Court of the city of New York denying a motion for a new trial, made under section 268 of the Code. (Reported below, 8 J. & S., 328.)

This action was brought to set aside an assignment made by the defendants Joseph Morton, Leon Weil and Alphonse Weil, composing the firm of Weil Brothers & Co., to defendant Austin Baldwin, for the benefit of creditors. The ground of the action was that the schedules made by the assignors were not properly verified.

It appeared that in June, 1874, plaintiff commenced an action against said copartners upon a partnership obligation. The summons was served upon Morton and Alphonse Weil, and judgment was entered by default and docketed only against the two served. Execution was issued, however, against the joint property of defendants, which was returned unsatisfied. After the trial of the present action, the court, on motion, amended the judgment *nunc pro tunc* by making it in form against all the defendants, and the case was thereupon reopened and the amended judgment put in evidence. The court rendered judgment adjudging the assignment null and void, directing the assignee to account before a referee named and appointed for that purpose, the referee to report, and within ten days after confirmation of his report the assignee to pay over the moneys and property to a receiver appointed to take charge of the same, the receiver to pay out of the proceeds to the plaintiff $458.50, the amount of his judgment with interest thereon, and to hold the residue, if any, subject to the order of the court.

*D. Judson Newland* for the appellant. This was not a case for a motion for a new trial under section 268 of the Code, and defendants are not entitled to the benefit of the provisions of that section. (*Roberts* v. *Prosser*, 53 N. Y., 261; *Norris* v. *Morange*, 38 id., 172; *Gray* v. *Cook*, 24 How., 432; Wait's Pr., § 8, pp. 653, 654; *Sworthout* v. *Curtis*, 4 N. Y., 417.) Plaintiff exhausted its remedy at law against defendants before commencing this action. (2 Abb. Dig. [new ed.], 485, § 179; Laws 1863, chap. 392, amending § 294 of Code; *Billhofer* v. *Henbach*, 15 Abb. Pr., 143; *Stannord* v. *Mattice*, 7 How., 4; *Foster* v. *Wood*, 1 Abb. [N. S.], 150; *Oakley* v. *Aspinwall*, 4 N. Y., 518; *Sears* v. *Burnham*, 17 id., 448; *Neele* v. *Berryhill*, 4 How Pr., 16; *N. Y. Ice Co.* v. *N. Y. Ins. Co. of Oswego*, 23 N. Y., 357; *Thompson* v. *Kessel*, 30 id., 383; *Fawcett* v. *Vary*, 59 id., 597, 599; *Appleby* v. *Barry*, 2 Rob., 689; *Stimson* v. *Huggins*, 9 How., 86; *Fawcett* v. *Vary*, 59 N. Y., 597; *Hogan*

v. *Hoyt,* 37 id., 300 ; *Fry* v. *Bennett,* 9 Abb., 45 ; *Prest. Bk. of Newburg* v. *Seymour,* 14 J. R., 219.)    The assignment was absolutely void.    (Chap. 348, § 2, subd. 7 ; *Julian* v. *Rathbone,* 39 N. Y., 369, 373, 375 ; *Werner* v. *Ger. Svgs. Bk.,* 2 Daly, 406 ; *Dash* v. *Van Kleeck,* 7 J. R., 477 ; *Goodrich* v. *Downs,* 6 Hill, 438 ; *De Camp* v. *Marshall,* 2 Abb. [N. S.], 374.)

*J. F. Mosher* for the respondents.    The subject-matter in controversy being under $500, the appeal should be dismissed.    (Laws 1874, chap. 322, p. 378 ; *Walker* v. *U. S.,* 4 Wal., 163 ; *Seaver* v. *Bigelow,* 5 id., 208 ; *Smets* v. *Williams,* 4 Paige, 364 ; *Udall* v *S. S. Ohio,* 17 How. [U. S.], 17 ; *Olney* v. *S. S. Fallon,* id. 19 ; *Vredenburgh* v. *Johnson,* Hopk., 112 ; *Moore* v. *Lyttle,* 4 J. Ch., 183 ; *Anon.,* Moseley, 47.)    In order to maintain this action plaintiff must have established its claim against all three of the copartners by a judgment against them at law.    (2 R. S., 174, § 38 ; Laws 1863, chap. 392, pp. 657, 661 ; *Hadden* v. *Spader,* 20 J. R., 554 ; *Reubens* v. *Joel,* 13 N. Y., 488 ; Code, § 136, subd. 1 ; *Northern Bk.* v. *Wright,* 5 Robt., 604 ; *Lahey* v. *Kingon,* 13 Abb. Pr., 192 ; *Stannard* v. *Mattice,* 7 How. Pr., 4 ; *Pardee* v. *Haynes,* 10 Wend., 630 ; *Nelson* v. *Bostwick,* 5 Hill, 37, 41 ; *B. and D. Bk.* v. *Willis,* 1 Edw. Ch., 645.)    It must also have exhausted its remedy at law against the joint property of the three copartners before this could be maintained.    (2 R. S., 174, § 38 ; Laws of 1863, chap. 392, pp. 667, 661 ; *Beardsley Scythe Co.* v. *Foster,* 36 N. Y., 561 ; *Dunlevy* v. *Tallmadge,* 32 id., 457 ; *Child* v. *Brace,* 4 Paige, 309 ; *Farnham* v. *Hildreth,* 32 Barb., 277.)    A motion for a new trial was proper, and the only way to obtain a review by the General Term at the stage of the case when it was made.    (Code, § 268, as amended in 1867 ; *Church* v. *Kidd,* 3 Hun, 254 ; *Douglass* v. *Douglass,* 5 id., 140 ; *Mundorff* v. *Mundorff,* 1 id., 41 ; *Stanton* v. *Miller,* 65 Barb., 58 ; *Lawrence* v. *F. L. and T. Co.,* 15 How., 57 ; *Catlin* v. *Grissler,* 57 N. Y., 363, 370 ; *Swartwout* v. *Curtis,* 4 id. 415 ; *Wood* v. *Hunt,* 38

Barb., 302, 311; *Chittenden* v. *Miss. Soc.*, 8 How., 327; *Tompkins* v. *Hyatt*, 19 N. Y., 534.)

Rapallo, J.  We are of opinion that the plaintiff had, before the commencement of this action, exhausted its remedy at law against the judgment debtors so as to entitle it to proceed in equity to reach joint property. (Code § 294.)  An execution had in fact been issued against the joint property of all the debtors, and returned unsatisfied.  Under that execution such property might have been taken had any been found.  Although the judgment upon which the execution was issued was not in form entered against all the joint debtors, yet it appeared on the face of the judgment roll that it was founded upon a joint obligation, and should have been entered in form against all the debtors, they all being parties defendant.

This execution was effectual until set aside, and had an application been made to the court to set it aside, it would have been perfectly competent to have directed an amendment of the judgment and docket, and allowed the execution to stand.  The defect was one of form merely; all the requirements of the statute had been substantially complied with, the plaintiff was entitled to a judgment against all the defendants, and this appeared upon the face of the record, no extrinsic proof being required.  The order amending the defect in the entry of the judgment *nunc pro tunc* was, we think, valid and effectual. (*Hart* v. *Reynolds*, 3 Cow. 42, note; *Chichester* v. *Cande*, 3 Cow., 39; *Mackay* v. *Rhinelander*, 1 Johns. Cas. 410; *Hogan* v. *Hoyt*, 37 N. Y., 300; *Fawcett* v. *Vary*, 59 N. Y. 597, and cases cited; Code §§ 173, 174; *Close* v. *Gellespey*, 3 J. R., 526; *Bradford* v. *Read*, 2 Sandf. Ch. 163.)

But although the plaintiff had a standing as an execution creditor sufficient to entitle it to assail the assignment, it has not, in my judgment, shown sufficient cause for setting the assignment aside.  The only points urged against it were that the affidavit to the schedules or inventory was made before a

person not legally qualified to administer the oath, and that the schedules and bond were not filed in the proper office.

In the case of *Juliand* v. *Rathbone* (39 N. Y., 369) it was held that the making and delivery of the verified schedules required by section 2 of the act of 1860 (chap. 348), was essential to the validity of the assignment. But since that decision the legislature passed the act of 1874 (chap. 600, p. 824), which provides that the omission to make or deliver the schedule shall not invalidate the assignment. We think that it was the intent of this act to abrogate the rule laid down in *Juliand* v. *Rathbone*, and that the provision allowing the assignee within six months to file schedules, was not intended as a condition, the breach of which should invalidate the assignment. It can hardly be supposed that it was the intention of the legislature to leave it uncertain during the six months allowed for filing the schedules, whether the title to the property was in the assignee, or to deprive him during that interval of the power of making any valid disposition of it.

There was no proof that the bond was not filed in the office of the county clerk, nor was there any allegation in the complaint of any omission in respect to the assignee's bond. The complaint rests wholly on the omission to deliver verified schedules.

We therefore agree, upon the merits, with the conclusion arrived at by the court at General Term. But the point is made that the case was not properly before the General Term, and that it was not a proper case for a motion for a new trial under section 268 of the Code. We are inclined to the opinion that this point is well taken, and that the judgment was final and reviewable by appeal. There was nothing left to be judicially determined. The amount of the plaintiff's claim was ascertained, judgment was rendered that the assignment be set aside, that the assignee deliver over the assigned property to a receiver, and that the plaintiff be paid out of the proceeds the amount of his claim, and costs. This was a final disposition of the whole controversy, and no further judgment was to be rendered. The machinery of a reference

and receivership was for the sole purpose of carrying the judgment into execution, and not the foundation of any further judicial action in the case.

But the respondent claims that the case is not appealable to this court, the amount in controversey being less than $500. (Laws of 1874, p. 378.) The judgment was entered July 21, 1875, and the sum directed to be paid to the plaintiff for principal and interest amounted to only $491.20. That judgment is all that the appellant has at stake. A new trial has been ordered, and the object of this appeal is, by the reversal of that order, to restore the judgment. We think in such a case the amount of the judgment, when entered, must govern the question of appealability, and that interest accruing after its rendition cannot be added for the purpose of bringing it up to the requisite amount. According to our construction of the act of 1874, it prohibits an appeal from an order granting a new trial, where the amount of the judgment or subject-matter in controversy does not exceed $500. In appeals from orders granting or refusing a new trial, where judgment has been rendered for a specific amount, that must be the test. Where there is no judgment, or it is not for a specific sum, the value of the subject-matter in controversy must be ascertained.

The appeal should be dismissed, with costs.

All concur; MILLER, J., in result.

Appeal dismissed.