David R. Van Gelder, Appellant, *v.* James H. Van Gelder, Respondent.

In the provision of the Code of Civil Procedure limiting appeals to this court (§ 191, sub. 3), the amount demanded in the complaint is made controlling only in actions not founded on contract, because in actions *ex contractu* the facts alleged in the complaint may show that plaintiff, if successful, would not in law be entitled to so large a recovery ; the distinction is not based upon the theory that in the latter class of actions plaintiff may recover more than he demands in his complaint.

In an action for money had and received plaintiff asked judgment for $400 with interest from the day prior to that on which the action was commenced. The judgment was for defendant. On appeal to this court plaintiff claimed the facts proven entitled him to interest from 1869. *Held*, that the judgment was not reviewable in this court as the amount in controversy was less than $500; that to authorize a recovery for a larger sum than that claimed an amendment of the complaint would have been required, and no such amendment was made or applied for.

(Argued April 5, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant entered upon a decision of the court on trial.

The nature of the action and the material facts appear in the opinion.

*James B. Olney* for appellant. Plaintiff is entitled to recover the " matter in controversy " in an action *ex contractu* under section 191 of the Code of Civil Procedure. To ascer-tain this not only the pleadings but the whole case will be looked at. (*Roosevelt* v. *Linkert*, 67 N. Y. 447; *Purdy* v. *Phillips*, 11 id. 406; Code of Civ. Pro., § 1207.) Had plaintiff recovered a verdict, a decision would have been given or ordered for the amount justly due him. (Code, §§ 539, 540, 722, 724.)

*James H. Van Gelder* for respondent. This court has no jurisdiction to review this case upon appeal. (Code of Civ. Pro., § 191, sub. 3; *Josuez* v. *Conner*, 75 N. Y. 156.)

*Per Curiam.* The complaint in this action demands judgment for the sum of $400 which was for money had and received, with interest from May 4, 1875. The action was commenced on the 5th May, 1875.

Judgment was rendered for the defendant at Special Term July 21, 1877. That judgment was affirmed at General Term September 30, 1878.

If the matter in controversy did not then amount to $500 or more, an appeal from that judgment could not be taken to this court without special leave. (Code, § 191, sub. 3.) Interest accruing after judgment cannot be added to make the case appealable to this court. (*Produce Bank* v. *Morton*, 67 N. Y. 199.) And in *Josuez* v. *Conner* (75 id. 156), it is held that the amount due at the commencement of the action according to the claim in the complaint is to govern.

Under the pleadings the plaintiff could have recovered only $400 with interest from May 4, 1875, amounting, together, at the commencement of the action and even down to the 30th September, 1878, to less than $500. The appellant claims that the facts proved show him entitled to interest from 1869, but to authorize a recovery for a larger sum than was demanded in the complaint an amendment would have been required, and if application had been made for such an amendment the defendant would have been entitled to show, in opposition, that no more was actually due than was demanded in the original complaint. No such amendment was made or applied for.

The amount demanded in the complaint is, by section 191, made controlling only in actions not founded on contract, for the reason that in actions *ex contractu* the facts alleged in the complaint, may show that the plaintiff, if successful, would not be, in law, entitled to recover as large a sum as he demands as damages. The distinction is not made upon the theory that he may, in an action on contract, recover more than he demands in his complaint.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.