CORNELIUS BODINE, SHERIFF OF SENECA COUNTY, RESPONDENT, *v.* LOUIS L. THURWACHTER AND OTHERS, APPELLANTS.

*Execution issued upon a judgment void as to the debtor's creditors — how far it protects an officer in making a levy under it.*

The defendant, a constable, levied upon certain goods of one Kennedy under a judgment entered against him by confession in a Justice's Court. The judgment was irregular, because the affidavit, which section 311 of the Code required the plaintiff to make, was made by his agent. On the same day the same goods were seized by the sheriff under an attachment issued against Kennedy. They were retaken on the same day by the constable. The evidence made it a question for the jury whether the constable was or was not in possession of the goods under the execution when the levy was made by the sheriff. Upon the trial of this action, brought by the sheriff for a conversion of the goods, the court charged that the execution in the hands of the constable, though regular in form, was no protection and that he must prove that it was issued upon a valid judgment.

*Held*, that this was error.

That if at the time of the removal of the goods the sheriff was in full and complete possession of the same, as against the constable, that then the latter was liable for retaking them, but that if the constable was in the actual possession of the goods under the execution when the levy was made by the sheriff, then the retaking of the goods by the constable was lawful and this action could not be maintained.

APPEAL from a judgment in the plaintiff's favor, entered on a verdict, and from an order of the Monroe Special Term denying the defendant's motion for a new trial.

*William H. Burton,* for the appellants.

*D. Coats,* for the respondent.

BARKER, J.:

This is an action of trover for the conversion of certain goods of which Clark H. Kennedy was the owner on the 31st day of December, 1878, and kept by him in his store, in the village of Waterloo, for sale at retail. On that day in a justice's court he confessed judgment in favor of Jackson Perry for the sum of $118.25, and judgment was rendered against him by the justice for that amount. Such confession and entry of judgment was in full compliance with the provisions of the Code on that subject, except that the plaintiff omitted to make an affidavit, as required by section 311 of the Code. An affidavit was made by Oscar F. Dennis, who claimed to be the agent for the plaintiff in making the affidavit, and he stated therein that he was such agent, and that the defendant was indebted to the plaintiff in the sum of $118.25, upon a demand, as set forth in the confession of judgment, signed by the defendant, over and above all just demands which the defendant had against the plaintiff, and that such judgment was not made or taken with a view to defraud any creditor. (Code, §§ 310, 311.) On the same day an execution in due form was issued on such judgment and placed in the hands of the defendant Thomas Walters, who was at that time a constable, and he, on the same day, levied on a part of the goods in controversy, and made an inventory thereof, and attached the same to the execution. He did not remove any of the goods, and Kennedy was left in the possession of the store.

On the next day an attachment was issued out of this court against the property of Kennedy and placed in the hands of one of

the plaintiff's deputies, who immediately levied upon all the goods in the store, including those levied upon by the constable, and with the assistance of appraisers made an inventory thereof. He did not remove any of the goods, but he claims that he took possession of the goods and received from Kennedy the key of the store. On the next day, while the store was closed, and the deputy sheriff having the key, the constable with the aid and assistance of the other appellants, in the absence of the deputy sheriff, broke open the store and commenced the removal of the goods levied upon by him, and while the same was being done the deputy sheriff went to the store and forbade the removal. At the time the constable made the levy the deputy sheriff was present at the store and was informed that he had made a levy.

The evidence tends to prove, and a jury would have been justified in finding, that the constable did not surrender up possession to the sheriff, and in fact, was in possession up to the time he removed the property, as against the sheriff and his levy under the attachment. It may be said that the evidence preponderates in the plaintiff's favor; that he did, in fact, come into the actual possession of the property notwithstanding the constable made the first levy, but there is evidence sustaining the position that the constable had not lost possession of the property by virtue of his levy. The deputy sheriff, at the time of the levy by the constable, was in the store claiming control over the goods by virtue of a chattel mortgage which Kennedy had given on the goods to another person and he had advertised them for sale thereon as the agent of the mortgagee. On the day of the alleged conversion, and a few hours before the removal of the goods from the store by the appellants, the evidence tends to show that the deputy sheriff at the store offered some of the goods for sale under the chattel mortgage. Under these circumstances, in connection with the fact that the most material and important evidence on this question came from interested parties, I think the question fairly belonged to the jury for their consideration.

Evidence was given as to the value of the goods, and the verdict included the value of the goods levied upon by the constable. After the evidence was all in, the court ruled that the execution in the hands of the constable, though regular on its face, was no pro-

tection to him and that he was bound to show a valid judgment upon which the same was issued. To such ruling the defendants took an exception. The judgment was valid against the defendant therein, although the plaintiff omitted to make the affidavit as required. The statute declares that a judgment confessed, otherwise than as prescribed, is void as against every person except a purchaser in good faith of property, real or personal, thereunder, and the defendant making the confession. The omission to make and file an affidavit on behalf of the plaintiff makes the judgment void as against creditors, but as the constable's levy was in every respect regular, it being prior to the levy under the attachment, if he in fact remained in possession of the goods levied upon, he could not be charged as a *tort feasor* by retaining such possession, as against a subsequent levy by execution or attachment, in behalf of creditors. If such parties should desire to displace the first levy and secure possession of the goods from the constable, I am of the opinion that they would be obliged to resort to judicial proceedings to accomplish that purpose. The officer making the first levy having followed the directions of the writ, and if no intervening rights had accrued he could have sold the property and a purchaser in good faith would have acquired a perfect title, and it would be manifestly unjust to require the officer to determine, at his own peril, that his rightful possession of the property had ceased in consequence of other proceedings to which he was an entire stranger.

Independent of the consideration that the judgment was valid as against the defendant in the justices' judgment, the constable was protected by the writ in making the levy and retaining possession of the goods, the same being in due form and fair on its face. The rule is now well established that a ministerial officer is protected in the execution of process regular on its face and coming from a court having jurisdiction over the subject matter.

When an officer who has seized property by virtue of an execution is sued by the defendant in such execution, or those claiming under him, the officer is never compelled to produce the judgment to justify the taking and retention of possession. The execution alone protects him. (*Savocool* v. *Boughton*, 5 Wend., 170; *Sheldon* v. *Van Buskirk*, 2 Comst., 473; *Bovee* v. *King*, 11 Hun, 250.)

If, however, the constable had in fact surrendered to the sheriff,

or the sheriff had acquired full and complete possession of the property under the attachment, even without the consent of the constable, then the execution afforded the defendant no protection. As an officer acting under process apparently valid, but void in law, he can avail himself thereof for his defense, but not as a justification for affirmative and aggressive action.

The constable could not have maintained an action in replevin against the sheriff to regain the possession of the goods, for the reason that the execution was issued upon an execution void as against the creditors of Kennedy, and this was so held in *Clearwater* v. *Brill* (63 N. Y., 627). Nor could he with his own hand do that which the law would render him no aid in accomplishing.

For these reasons we think that the instructions, in the unqualified manner in which they were given, were erroneous, and it should have been left for the jury to say whether, at the time the goods were removed by the defendants, the sheriff was in full and complete possession of the same as against the constable, and if he was, then the defendants were guilty of a wrong and the process in the hands of the constable did not afford him and his abettors any protection whatever; but if they should find to the contrary, that the constable was in the actual possession of the goods as against the sheriff and his levy under the attachment, then he was justified by his process in retaining the possession acquired by virtue of his levy.

The judgment and order should both be reversed and a new trial granted, with costs to abide the event.

Present — Smith, P. J., Bradley and Haight, JJ.

Judgment and order reversed and new trial ordered before another referee, costs to abide the event.