THE JAMES GOOLD COMPANY, RESPONDENT, *v.* WILLIAM F. MAHEADY AND FANNIE L. MAHEADY, APPELLANTS.

*Fraudulent transfer of property — liability of one who allows the transfer to be made to him, although he does not actually receive the property.*

In this action, brought to set aside as fraudulent a transfer of property from a husband to his wife, the complaint alleged, and the referee found, that the assignment to the wife "was not accompanied by an immediate and continued change of possession of the property, but that said property remained in the actual possession and under the control" of the husband. A judgment having been entered against the defendants for the value of the property so transferred,

the wife claimed that the judgment could not be sustained as against her for the reason that it was not shown that the property was ever in her possession, and that the referee found that it had not actually left the husband's possession. *Held,* that the claim should not be sustained; that the wife should not be allowed to set up her own wrongful act as a defense; that she was liable to account as a trustee *ex maleficio* for the benefit of the husband's creditors.

APPEAL from a judgment of the Supreme Court in favor of the receiver appointed in an action brought by the James Goold Company against the defendants, entered upon an order of the Special Term, confirming the report of a referee before whom the defendants were directed to account to the receiver.

The James Goold Company brought an action against the defendants to set aside a transfer of personal property made by the defendant William F. Maheady to his wife, the defendant Fannie L. Maheady, on the ground that the same was made with intent to hinder, delay or defraud creditors.

The action was tried before a referee, who duly made his report against the defendants, finding that the transfer was made with intent to hinder, delay and defraud creditors; that it was not accompanied by an immediate delivery and an actual and continued change of possession, and was therefore void, and directed that judgment be entered accordingly. The referee also directed that the defendants account to a receiver, to be appointed upon notice, before a referee, for the property embraced in the transfer, the value of which was fixed at $1,500, except that on such accounting defendants were to be credited with $700 received for a part of the property sold by Wm. F. Maheady, with his wife's approval, before the commencement of the action, which sum of $700 was applied towards the payment of Wm. F. Maheady's debts. The defendants proceeded to an accounting, and the referee made his report, directing the defendants to turn over the property mentioned in the transfer to the receiver, or its value $800, after crediting them with $700.

*Charles H. Tefft, Jr.,* and *L. B. Pike,* for the appellants.

*Arthur L. Andrews,* for the respondent.

LANDON, J. :

The defendant Fanny L. Maheady urges that it was error to enter judgment against her for $800. She claims that the fact has been

found to be as alleged in the complaint, " that the assignment to her by her husband was not accompanied by an immediate and continued change of possession of the property, but that said property remained in the actual possession and under the control of the defendant Wm. F. Maheady," and therefore she ought not to account for the property.

This finding was made as between the plaintiff and the defendants, but as between the defendants themselves it is quite immaterial whether there was any actual change of possession of the property or not. The bill of sale was made in order to give an appearance of a valid transfer of title, and to have it so far effective as to be a convenient shield to be interposed between the property and the plaintiff's execution. It was practically effective for that fraudulent purpose, and as a consequence and by the wife's connivance and co-operation in the scheme, the husband was enabled to dispose of part of the property and to enjoy the rest. As a consequence the property has not been applied upon the plaintiff's judgment against the husband as it ought to have been.

For this result the wife is responsible, not because of her actual, but of her pretended possession and ownership of the property. By her becoming the fraudulent assignee of the property, she in common with her husband withheld it from application in satisfaction of the plaintiff's judgment. That wrong continues, and the court has ordered that it shall continue no longer; that both defendants shall account for the property, and, as part of it has been disposed of since the plaintiff's right to its application has accrued, that the defendants shall pay its value.

The wife's answer to this proposition is — true, I pretended to own and have actual possession of the property, but that pretense was false. The object of the plaintiff's action was to show that it was a false pretense, to the end that because it was false the wife might not continue to withhold the property. He has succeeded in showing its falsity, but meanwhile part of the property has been disposed of. Who should lose in consequence, the plaintiff or she whose unlawful pretense has caused the loss? The answer is obvious. The wife should not be permitted to shift her ground so as to avail herself first of the advantage of her wrong in keeping the plaintiff so long at bay, and when forced from that position, then to

assert that she was not in truth in possession of the property, and therefore should not account for it. She is found to have been the fraudulent assignee of this property, and, therefore, was trustee *ex maleficio* of it for the benefit of her husband's creditors. (*Dewey* v. *Moyer*, 72 N. Y., 70, and cases there cited.)

We are cited to the case of *Nicholson* v. *Leavitt* (4 Sandf., 252) as an authority in support of the position that the wife cannot be made to account for the property unless it actually came into her possession. That case is to the effect that where the vendor made a bill of sale of his household furniture to the vendee, and the vendor still retained the possession, and none of the property was in any way disturbed or disposed of, the vendee could not be made to account for its value although the bill of sale was fraudulent. We do not dissent. In that case the moment the bill of sale was set aside the entire property was, without diminution or loss applicable to the judgment creditors' execution. The vendee need not pay for the property, for the property remained intact. The question was not presented as to the liability of the fraudulent vendee, if by his acts or connivance the property had not been forthcoming.

We have examined the other points urged by the appellants and do not think them well taken. The evidence warranted the judgment entered in the first instance; that was a final judgment; what followed was the machinery for its execution, and the evidence warranted the supplemental judgment for that purpose made upon the foot of the first judgment. The practice is not challenged by the appellants and it seems to be well settled. (*Produce Bank* v. *Morton*, 67 N. Y., 199; *Myers* v. *Becker*, 95 id., 486.)

The judgment and orders appealed from should be affirmed, with costs.

BOOKES, J., concurred.

Present — BOOKES and LANDON, JJ.

Judgment affirmed, with costs.