### In re HENRY KUPFER & CO.

### GOLDOWITZ et al. v. HENRY KUPFER & CO.

#### (No. 6670.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. SHERIFFS AND CONSTABLES (§§ 47, 51*)—POUNDAGE AND FEES—WRONGFUL EXECUTION—LIABILITY OF SHERIFF.

It was immaterial to the liability of a sheriff to refund the poundage and keeper's fees paid to him under an execution that the judgment creditor's attorney should not have entered judgment and issued execution when he did, in the absence of any complicity between the sheriff and the attorney.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 72–74, 76; Dec. Dig. §§ 47, 51.*]

2. SHERIFFS AND CONSTABLES (§ 51*)—POUNDAGE—COMPENSATION OF SHERIFF—DEFECTIVE EXECUTION.

A sheriff's right to poundage under an execution, depended upon the validity of the execution when the levy was made, regardless of subsequent corrections therein.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 76; Dec. Dig. § 51.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—FORM OF EXECUTION—TESTATION.

Under Code Civ. Proc. § 1366, providing that an execution must intelligibly describe the judgment, stating the names of the parties, the time when and the court in which the judgment was rendered, and, if it was rendered in the Supreme Court, the county in which the judgment roll was filed, and must require the sheriff to return it to the proper clerk, within 60 days; section 1368, providing that an execution on a judgment for a sum of money must specify the sum recovered and the same actually due; and section 1369, providing that an execution against property must, if the judgment roll is not filed in the clerk's office of the county to which it is issued, specify the time when the judgment was docketed in that county—an execution is good if not tested at all, and hence an execution on a City Court judgment was not void because tested in the name of a justice of the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—DIRECTIONS AS TO RETURN OF EXECUTION.

Where an execution on a City Court judgment contained all the essential recitals required by Code Civ. Proc. §§ 1366, 1368, 1369, it was good, notwithstanding an erroneous direction therein to the sheriff to return it to the county clerk, instead of the clerk of the City Court, as the law, and not the direction contained in the execution, is controlling upon the sheriff.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Special Term, New York County.

Application by Henry Kupfer & Co. for an order quashing an execution on a judgment in favor of Isaac Goldowitz and others against Henry Kupfer & Co. From an order granting a motion to vacate the execution, and directing repayment by the sheriff of poundage collected by him, the sheriff appeals. Reversed, and motion denied.

See, also, 147 N. Y. Supp. 1113.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Abraham S. Gilbert, of New York City, for appellant.
Leo G. Rosenblatt, of New York City, for respondent.

SCOTT, J. The order appealed from provides that a certain execution and the levy thereunder—

"be and the same are vacated, set aside, and quashed as invalid, illegal, and irregular, and upon the grounds set forth in the notice of motion." It was further ordered that the sheriff repay to defendant a certain sum paid for poundage and keeper's fees, and that the plaintiff reimburse the sheriff.

[1] The form of the order is quite unusual, and we are referred to no precedent for it; but it is not necessary to dwell upon the form in which relief has been afforded to the plaintiff. The question raised by the sheriff's appeal is whether or not the plaintiff is entitled to any relief as against him. Plaintiff entered a judgment in the City Court against defendant and immediately issued an execution thereon to the sheriff. Much is said in the moving papers about the action of the plaintiff's attorney, from which we are asked to infer that he should not have entered judgment and issued execution when he did. All that is immaterial on the present appeal, which is prosecuted by the sheriff alone, and he is not charged with complicity in anything which plaintiff's attorney may have done before the issue of the execution. The grounds for holding the sheriff liable to refund the poundage and keeper's fees paid to him are that the execution itself was invalid for defects appearing upon its face. These defects are: First, that the execution appeared to be issued out of the Supreme Court, and was tested in the name of a justice of that court, whereas the judgment was entered in the City Court; second, that the sheriff was directed to return the execution to the county clerk, instead of to the clerk of the City Court; and, third, that the execution was indorsed with the name of the Supreme Court, instead of the City Court.

[2] The last objection is of no moment, because the indorsement of the title of the action on the back of the paper is no part of the execution, which would be valid if wholly unindorsed. The execution (the original being produced on the argument) correctly recites that the judgment was recorded in the City Court and the judgment roll filed in the office of the clerk of that court. As received by the sheriff, it directed him to return the execution to the county clerk, and was tested in the name of a justice of the Supreme Court. Later these errors were corrected by or with the consent of the plaintiff's attorney, the clerk of the City Court being substituted for the county clerk, and the name of a judge of the City Court being substituted for that of the justice of the Supreme Court. These corrections appear to have been made after the execution was levied, and we therefore disregard them, as the sheriff's right to poundage depends upon the validity of the execution as it was when the levy was made.

[3, 4] The essential requisites of an execution against property are set forth in sections 1366, 1368, and 1369 of the Code of Civil Procedure. They are the following:

It "must intelligibly describe the judgment, stating the names of the parties in whose favor, and against whom, the time when, and the court in which, the judgment was rendered; and, if it was rendered in the Supreme Court, the county in which the judgment roll is filed. It must require the sheriff to return it to the proper clerk, within sixty days after the receipt thereof." It must specify "the sum recovered, or directed to be paid, and the sum actually due when it is issued." It must state "the time when the judgment [roll] was docketed in the office of the clerk of the county."

All of these essential recitals were correctly made in the execution complained of. Neither of the remaining defects in the execution rendered it void in the hands of the sheriff. It would have been perfectly good if it had not been tested at all, and consequently an erroneous testation did not avoid it. Douglas v. Haberstro, 88 N. Y. 611. Nor was the erroneous direction as to its return of any consequence, because the law, and not the direction contained in the paper, was controlling upon the sheriff. Wright v. Nostrand, 94 N. Y., 31–48. The execution as it was delivered to the sheriff was a sufficient warrant for his action, and he might have subjected himself to serious responsibility if he had refused to act thereon.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.