LEONA G. FARRELL, as Administratrix of the Estate of THERESA F. DAY, Deceased, Plaintiff, *v.* EDWARD J. ZIBRO, Defendant.

Third Department, June 3, 1944.

*Mackrell & Ranney,* attorneys for plaintiff.

*Taylor & Taylor,* attorneys for defendant.

HILL, P. J. Submission of a controversy under section 546 of the Civil Practice Act. The parties have contracted, plaintiff to sell and defendant to purchase, certain real property lately owned by Theresa F. Day, who died on December 15, 1942. Plaintiff was appointed administratrix on February 4, 1943. Thereafter a last will and testament was found. By its terms, all of the property was devised to a sister Emma L. Day, with the proviso that if she did not survive decedent, the property was to be divided equally between decedent's brothers, George M., Edward J. and William S. Day. The sister and all three brothers predeceased decedent. The will contained a power of sale as follows: " I do hereby authorize and empower my said executors, to sell and convey, at either private or public sale, any or all real estate of which I may die seized, or possessed." The executors were the sister and the brother George M. The will was not probated, on the theory that the legacies had lapsed and that the probate would be meaningless. The administratrix tenders title to the real property following an order in a proceeding under article 13 and particularly section 233 of the Surrogate's Court Act conducted in Rensselaer County Surrogate's Court. Defendant declines to accept the conveyance, asserting that the title is not marketable.

It is not to be questioned that a vendee is entitled to a marketable title, i. e., one that is free from reasonable doubt. Plaintiff asserts that the probate of the will would lead to " ineffectual confusion ", that all of the distributees of decedent were cited before the court in the proceedings for the sale of real property. Under the common law, heirs at law and devisees took real property without action by the representative, not subject even to the debts of the decedent. This, of course, has been changed by statute. Except as a statute authorizes, a court has no general power to direct the sale of lands. (*Long* v. *Long,* 142 N. Y. 545, 552.) Selling decedent's real property, except as permitted by statute, " cannot be sanctioned without encouraging irregularities and, perhaps, abuses of the gravest kind, and which in the end might seriously affect the rights of parties interested in the estates of deceased persons." (*Hogan* v. *Kavanaugh et al.,* 138 N. Y. 417, 423.) This administratrix was named under a proceeding which assumed intestacy. When, after letters of administration have been issued under such circumstances, a will is admitted to probate, the decree of probate " must " revoke the letters of administration. -(Surrogate's Court Act, § 154.) Wills may not be retained or

suppressed. (Surrogate's Court Act, § 137.) The power of the Surrogate's Court to direct the sale of this real property was subject to the following exception, " where it can be disposed of under a valid power contained in a will * * * ". (Surrogate's Court Act, § 233.) A deed by a representative following a proceeding by a court acting without jurisdiction to the knowledge of all parties, does not constitute a marketable title.

A judgment should be entered in favor of the defendant, without costs.

All concur.

Judgment in favor of the defendant, without costs.