Henry Tasker, J.
Motion by defendant to vacate a levy upon personal property under an execution and to set aside the Sheriff’s sale. Plaintiff recovered a judgment in the amount of $2,534.85 against defendant in the Civil Court of the City of New York on May 28, 1964. On the same date, a transcript of such judgment was filed in the New York County Clerk’s office and a transcript was docketed in the Suffolk County Clerk’s office on May 29, 1964. On May 28, 1964, plaintiff’s attorney issued an execution in the Civil Court of the City of New York directed to the Sheriff of any county; such execution was received by the Sheriff of Suffolk County on May 29, 1964; the Sheriff, on June 5,1964, levied on personal property of defendant and sold same on June 17, 1964 to one Wishbow, for $200.
The gravamen of defendant’s motion is that an execution issued out of the Civil Court of the City of New York may not be executed outside the City of New York. (CCA, §§ 701, 1504), and may not be issued subsequent to issuance of a transcript (CCA, § 1501). Plaintiff and the Sheriff contend that the captioning of the execution in the Civil Court is an irregularity only, and since plaintiff could have issued a Supreme Court execution, defendant has not been prejudiced (CCA, § 1502; CPLR 5018, 5230, 2001 and 5019).
It is clear that plaintiff could have issued its execution in the Supreme Court, but it did not do so. Ignoring the question of whether the execution properly issued in the Civil Court, after issuance of a transcript (CCA, § 1501), the New York City Civil Court has no jurisdiction to issue executions to Sheriffs outside the City of New York (CCA, §§ 701, 1504). Such execution was void and must necessarily be vacated upon application (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 5230.12; Clearwater v. Brill, 63 N. Y. 627, rev. 4 Hun 728; Fischer v. Langbein, 103 N. Y. 84; *782 Dunham v. Reilly, 110 N. Y. 366; Gravino v. Gravino, 3 A D 2d 641, cf. Wright v. Nostrand, 94 N. Y. 32; cf. Matter of Kupfer & Co., 165 App. Div. 570). CPLR 2001 and 5019 have no application to a situation where the court lacked jurisdiction to issue the mandate in question. Motion granted.