Gebabd D ’Emilio, J.
The judgment creditor has moved for an order authorizing a sale by the sheriff of the defendant’s interest in the property known as 2 Wycomb Place, Coram, New York; granting a money judgment against one David W. Burner; and granting an order to punish David W. Burner and Walter Gould, the defendant and judgment debtor, for contempt for failure to appear for an information examination scheduled for June 14,1973.
The motion for an order authorizing the sale of the defendant’s interest in 2 Wycomb Place, Coram, New York, is denied. Although the stipulation of settlement executed between the parties provides for sale of the real property in the event of a default in payment, it has been held that a court has no power to order a sale of real property except as authorized by statute (Farrell v. Zibro, 268 App. Div. 39). CPLB 5230 outlines the procedure which must be followed in order to execute on a judgment debtor’s interest in real property (see, also, CPLB 5206) and this section provides that an execution may issue from the Supreme Court, County Court or Family Court by the clerk of the court or the attorney for the judgment creditor as officer of the court. This section must be read in conjunction with sections 1504 and 1505 of the Uniform District Court Act. Section 1505 of the Uniform District Court Act permits an execution of a judgment of the District Court to be levied against real property where a transcript of such judgment has been filed with the county clerk pursuant to section 1502 of the Uniform District Court Act. However, the limitation of section 1504 of the Uniform District Court Act that an execution issued out of the District Court may be levied only against the personal property of the judgment debtor is not altered by section 1505 which authorizes an execution against real property on a judgment of the District Court only when the execution is issued by the Supreme, County or Family Court. Therefore, this court lacks jurisdiction to issue an execution against real property and the motion for such order is denied.
The request for a money judgment against David W. Burner is denied. David Burner was never served with process and no suit has been instituted against him upon which a judgment could be based. He was served with a restraining notice under CPLB 5222; however his alleged failure to comply with such notice does not entitle the judgment creditor to a summary-judgment against him. Indeed, such would be a denial of due process since David Burner has never had an opportunity to present Ms position to the court. It is specifically provided in *99 CPLB 5251 that failure to obey a restraining notice issued pursuant to CPLB 5222 is punishable as a contempt of court. Even if the court considers this motion as one to punish David Burner for contempt for failure to honor the restraining notice the court fails to see how the sale of David Burner’s interest in the real property to the judgment debtor, supported by consideration, constitutes an impermissible act under the terms of CPLB 5222 entitling the judgment creditor to an order of contempt. Therefore, the question of impropriety in the sale of the real property will not be passed upon by the court on this motion, and the judgment creditor may seek a determination of this issue, if he so desires, by bringing a future motion to punish for contempt supported by a proper showing.
The motion for an order to punish David Burner and the judgment debtor for contempt for failure to appear at an information examination scheduled for June 14, 1973 is denied. There is great discretion vested in the courts in the matter of punishing for a civil contempt. (Matter of Hildreth, 28 A D 2d 290; Silkworth v. Silkworth, 255 App. Div. 226.) The court herein will not grant the request for an order of contempt since the judgment creditor waited until over a year after the default occurred to move to punish for contempt; the parties entered into an agreement subsequent to the default on October 9, 1973 stipulating terms for the payment of the judgment; and also because the judgment creditor has not made any showing that he has suffered an actual loss as a result of the failure of the persons to appear. (Barrett v. Barrett, 221 App. Div. 710; Levin v. Levin Fixtures Corf., 231 App. Div. 865.)
Accordingly, the motion of Stamen Building Materials Corporation is denied in all respects for the reasons stated above.