■ NATIONAL BANK OF NORTH AMERICA, Respondent, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 52 to vacate and declare void an income execution issued pursuant to CPLR 5231, the State Tax Commission of the State of New York appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated July 19, 1983, which granted the application.

Judgment reversed, on the law, with costs, and proceeding dismissed.

On August 9, 1979, the State Tax Commission of the State of New York (Tax Commission) docketed a tax warrant pursuant to subdivision (b) of section 1141 of the Tax Law against Meyer Brandywine in the amount of $11,939.09 for his failure to pay sales taxes pursuant to article 28 of the Tax Law. Subsequently, on June 29, 1981, the Tax Commission issued an income execution against Brandywine's salary. The name of Brandywine's employer, the garnishee, was listed as "Bens Kosher Deli", located at 933 Atlantic Avenue, Baldwin, New York. It is undisputed that the garnishee deducted 10% of Brandywine's salary and remitted it to the Tax Commission in accordance with the income execution.

On May 17, 1982 petitioner National Bank of North America (bank) entered a default judgment against Brandywine in the District Court, First District, Nassau County, in the amount of $3,997.64. On July 16, 1982, petitioner issued an income execution against Brandywine and his employer pursuant to CPLR 5231. The employer's name was listed as "933 Atlantic Avenue Kosher Restaurant Inc. D/B/A Ben's Kosher Deli Restaurant", which, allegedly, is the correct corporate name of Brandywine's employer. On or about October 5, 1982, the Sheriff of Nassau County informed the bank that it could not honor its income execution because the Tax Commission's income execution had priority.

By petition dated April 8, 1983, the bank moved to vacate and declare void the Tax Commission's income execution on the ground that it misnamed Brandywine's employer as "Bens Kosher Deli". Since Ben's Kosher Deli was not a legal entity, it was argued, the Tax Commission's income execution should be declared void because it did not contain "the name and address of the person from whom the judgment debtor is receiving or will receive money" (CPLR 5231, subd [a]). The bank requested that its income execution be put into full force and effect. Special Term agreed. We reverse.

The fact that the Tax Commission's income execution misnamed the garnishee is merely a minor technical defect which should be disregarded (cf. *Produce Bank v Morton,* 67 NY 199; *Hutchinson v Brand,* 9 NY 208; *Peck v Tiffany,* 2 NY 451; *Abels v Westervelt,* 15 Abb Prac 230; see 6 Weinstein-Korn-Miller, NY Civ Prac, pars 5230.12, 5231.08). A misnomer of the garnishee in an income execution is not a jurisdictional defect which renders the income execution void (see 6 Weinstein-Korn-Miller, NY Civ Prac, pars 5230.12, 5231.08; cf. *Dunham v Reilly,* 110 NY 366; *Malone v Citarella,* 7 AD2d 871; *Gravino v Gravino,* 3 AD2d 641; *Stamen Bldg. Materials Corp. v Gould,* 79 Misc 2d 97; *American Metal Climax v Seaboard Die Casting Corp.,* 43 Misc 2d 781). Therefore, the misnomer in the Tax Commission's income execution should be ignored. CPLR 5231 (subd [a]), which requires that an income execution specify "the name and address of the person from whom the judgment debtor is receiving or will receive money" (i.e., the garnishee), was complied with in this case, even though the income execution lists Brandywine's employer as "Bens Kosher Deli" instead of "933 Atlantic Avenue Kosher Restaurant Inc. D/B/A Ben's Kosher Deli Restaurant" (cf. *Freedom Discount Corp. v McMahon,* 38 AD2d 947). Notably, the correct address, 933 Atlantic Avenue, Baldwin, is contained within the Tax Commission's income execution.

The defect should also be ignored because Brandywine's employer was fully apprised by the Tax Commission's income execution of its status as garnishee. Misnomers in pleadings are routinely ignored by courts where the affected party received "adequate notice of the commencement of the proceeding", and where a substantial right of the party would not "be prejudiced by disregarding the defect or irregularity" (*Matter of Great Eastern Mall v Condon,* 36 NY2d 544, 548; *Schwartzberg v State of New York,* 121 Misc 2d 1095, affd 98 AD2d 902; see, also, CPLR 2001; *Stuyvesant v Weil,* 167 NY 421; *Bank of Suffolk County v All Shores Wholesale Foods,* 90 AD2d 530; *Pinto v House,* 79 AD2d 361). Similarly, in this case involving an income execution, Brandywine's employer was given adequate notice that it was the garnishee and is obviously not prejudiced by the defect. Therefore, the proceeding should be dismissed. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.