(May 19, 1998)

■ CITY OF NEW YORK, Respondent, v L.J.W.P. REALTY Co. L. L. C., Appellant, et al., Defendants. [673 NYS2d 632] —Order, Supreme Court, New York County (Helen Freedman, J.), entered October 10, 1997, which, *inter alia,* directed defendants to sell the subject premises, and in the event that defendants failed to proffer an appropriate purchaser by a certain date, that the real property be sold at public auction, with a reserve price of $4.2 million, unanimously reversed, on the law and the facts, without costs, the order vacated, and the matter remanded to the Supreme Court for further proceedings in accordance herewith.

It was error for the IAS Court to include Lot 5 located at 133 Third Avenue within the order directing a sale. The Stipulation of Settlement and the Order dated October 19, 1990 referred only to the residential buildings known as the Sahara Hotel located at 125 to 131 Third Avenue, which does not include Lot 5.

Moreover, the motion court did not have authority to direct

an auction sale of the property. Outside the power specifically conferred by statute, courts have no general authority to direct the sale of real property (*Long v Long,* 142 NY 545, 552; *Farrell v Zibro,* 268 App Div 39). At bar, the Stipulation provided that the defendants admit the property to be a nuisance under former Administrative Code of the City of New York § C16-2.0 *et seq.,* recodified as the Nuisance Abatement Law, Administrative Code § 7-701 *et seq.* Therefore, the proper remedy to enforce the Stipulation requiring a sale is the appointment of a temporary receiver (Administrative Code § 7-713), to be given such powers necessary to effectuate the intent of the Stipulation. We remand the matter for this purpose. Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.