UTICA, August, 1827

Stakes
v.
Campbell.

---

## STAKES *against* CAMPBELL.

THIS action was brought in the C. P. of the city and county of New-York. The defendant there pleaded two pleas; the general issue and infancy. To the latter the plaintiff demurred; upon which judgment was for the defendant. On error to this court, that judgment was reversed, and the defendant, by leave, put in an amended special plea of infancy.(*a*) Upon this, the plaintiff took issue, and the case was tried at the New-York circuit, in January last, on both issues; when a general verdict was found for the plaintiff; on which judgment was entered. The defendant brought a writ of error to the court of errors; upon which issue was joined, and the cause noticed for argument. The plaintiff, by mistake, in drawing up the postea, did not make it pass on the issue upon the special plea; so that the finding was entered as general, that the defendant was guilty, in manner, &c., without regarding the second issue. These facts being shown by the affidavit of the plaintiff's attorney.

The general issue and infancy being pleaded, on a general verdict for the plaintiff, his attorney by mistake, drew the postea so as to cover only the first issue; and a writ of error was brought to the court of errors, upon which issue was joined. *Held,* that the postea should be amended, so as to embrace both issues.

*G. C. Bronson,* now moved to amend the postea, so as to make it cover both issues. He cited 1 R. L. 117, 118, s. 6;

[*426'

(*a*) 5 Cowen, 21, S. C., by the title of *Stokes* v. *Campbell.*

3 John. Rep. 95; Tidd's Pr. 810; Col. Cas. 41; 1 Cain. 394, note ;(a) 4 John. Rep. 526; Tidd's Pr. 811; id. 662. He said, *Petrie* v. *Hannay,* (3 T. R. 659,) *Doe* v. *Perkins,* (id. 749,) and 2 Archb. Pr. 242, were in point for this particular amendment.

*J. Platt,* contra, said the case of *Tillotson* v. *Cheetham,* (4 John. 499,) in the court of errors, was in point against this amendment, at the present stage of the cause. The court of errors will not regard an amendment, after issue of *in nullo est erratum.*

*Curia.* We cannot say how this question may be viewed in the court of errors; nor what effect may be given to the amendment sought; but this is a very common case of amendment, fully warranted by precedent; and we feel it our duty to allow it.

Motion granted.