## HERKIMER COUNTY COURT.

EDWARD G. CHAPIN, appellant, agt. BENJAMIN P. CHURCHILL, respondent.

A confession of judgment before a justice of the peace who is father-in-law to the plaintiff, is illegal on the ground of *relationship*.

And the plaintiff may (where the defendant will not consent to do anything about it) bring an appeal to the county court, and have the judgment *reversed for error in fact*.

But the county court has no right to reverse the judgment *without costs to either party*, because, the Code (§ 368) provides that, if the judgment be reversed, "costs shall be awarded to the appellant."

Where, however, such a judgment is reversed, without costs to either party, the *clerk*, where the judgment is docketed, has no power nor authority to enter the judgment of reversal *with costs*. He should follow the decision of the court.

Although it is an irregularity for the clerk to insert in the judgment the amount of costs adjusted, *without notice*, where the opposite party has appeared, yet the mode of correcting the irregularity is in the *discretion* of the court, and should depend on the circumstances of the case. If proper items are allowed and inserted in good faith, the costs should be allowed to stand—if bad faith appears, the costs should be stricken out; and if improper items only are inserted, there should be a re-adjustment, at the expense of the party for whom they were inserted. The proper practice, however, in all such cases, is to give notice.

*Herkimer, Feb.* 5, 1856.

THE defendant, on the 23d day of July, 1855, confessed a judgment to the plaintiff, before JOHN UHLE, Esq., a justice of the peace, who was the father-in-law of the plaintiff, for $19.53; and judgment was entered by said justice against the defendant for $20.78, damages and costs.

Chapin agt. Churchill.

After the said judgment was so confessed and entered, the plaintiff learned that the same was void and illegal on account of his relationship to the said justice; and then, failing in his efforts to have the judgment paid or arranged in any other effectual way, he brought an appeal to the county court of this county, founded on error in fact—to wit, the relationship between the plaintiff and the justice.

The appeal was brought to argument at the December term of this court, and this court, Hon. E. Graves, county judge, presiding, reversed the said judgment of the justice for the said error, but *without costs to either party.*

Afterwards, in December, the attorney for the appellant caused a judgment of reversal to be entered in the clerk's office of Herkimer county, *with twenty dollars and some cents costs against the respondent.* The said judgment was so entered, and the costs adjusted and inserted therein *without any notice to the respondent's attorney.*

A motion is now made, on behalf of the respondent, to set aside the adjustment of the costs, and to strike out of. the said judgment the amount of costs therein contained.

> Geo. A. Hardin, *for appellant.*
> L. J. Young, *for respondent.*

Earl, County Judge. (1.) The court having ordered a judgment of reversal without costs to either party, could the appellant enter a judgment of reversal with costs?

The court had no right to reverse the judgment *without costs to either party.* The Code (§ 368) provides, that if the judgment be reversed, " costs shall be awarded to the appellant." This section is so plain that it needs no adjudication to interpret or expound it. But it has been decided that the reversal must be *with costs.* (*See Logue* agt. *Gillick,* 1 *Smith,* 398 ; *Hahn* agt. *Van Doren,* 1 *id.* 411 ; *Main* agt. *Eagle, id.* 621.)

But although the court erred in reversing without costs, the clerk had no right to correct the error, or to disregard the decision of the court in the entry of judgment. He is a mere clerical

officer of the court, and has no right, in any case. to reverse, modify, or review the decision of the court. If the court should, in any case on appeal, strike out a portion of the damages recovered by a party below, althoughthere was clearly no error in the judgment appealed from, the clerk could not insert, in the judgment entered by him, the damages so stricken out.

Section 279 of the Code provides, that " the clerk shall keep, among the records of the court, a book for the entry of judgments, to be called the judgment book;" and § 280 provides that " the judgment shall be entered in the judgment book, and shall specify clearly the relief granted, or other determination of the action." According to this last section, the clerk, in the entry of judgment, should follow the decision or determination of the court.

The relief granted in this case, or more properly, the determination of the action, was a reversal of the judgment without costs, and the clerk should have entered the judgment accordingly, and had no right to enter a judgment of reversal with costs.

(2.) Could the clerk properly insert the costs, in the entry of judgment, without notice to the other party?

All the cases agree that it is an irregularity; but as to the effect of the irregularity the cases differ. Justice BARCULO, in Mitchell agt. Hall, (7 Howard, 490,) held, that the adjustment of costs, and all subsequent proceedings, should be set aside. Justice GRIDLEY, in Dix agt. Palmer, (5 Howard, 233,) held, that the taxation of the costs would be set aside, unless they were retaxed on due notice, but that the regularity of the judgment would not be affected. Justice DEAN, in Van Wyck agt. Reid, (10 Howard, 366,) granted a motion to strike out the costs entered in the judgment, and ordered a re-adjustment. Justice HARRIS held, in Potter agt. Smith, (9 Howard, 263,) that " although it is irregular for the clerk to insert, in the entry of judgment, the plaintiff's costs without notice of taxation when the defendant has appeared, yet that will not affect the entry of judgment, if notice of re-taxation be given and the entry of

judgment corrected, if any correction is necessary, in conformity to such re-taxation." In *Stimson* agt. *Huggins*, (16 *Barbour*, 658,) it is held, " that the omission of the notice does not affect the regularity of the judgment; and that the only consequence of such omission will be, that the court will order a re-adjustment of the costs at the expense of the party omitting to give the notice, and to compel such party to pay the costs of a motion to obtain a re-adjustment."

Hence, it will be seen that the decisions differ somewhat; but they all agree that the insertion of the costs in the judgment without the notice is an irregularity. I think that the mode of correcting such an irregularity is very much in the discretion of the court, and should depend on the circumstances of each case. If the costs inserted in the judgment without notice are all right and proper, and if they were so inserted in good faith, and not for the purpose of obtaining any improper or undue advantage over the other party, the court should not, on motion, strike them out. But if the costs are thus inserted, and execution is issued for the purpose of oppressing the other party, and making him costs, the court should strike them out, and set aside the execution; or if it is alleged that the bill of costs adjusted contains improper items, the court should compel a re-adjustment at the expense of the party. The proper practice is to give the notice; and if it is omitted, as it sometimes is, in order to perfect a judgment immediately after it is due, so as to secure it, notice of re-taxation should be given.

In this case, as there is no allegation that any improper items were inserted in the bill of costs, or that the respondent was otherwise aggrieved by the adjustment without notice, I think the motion should not be granted for this irregularity.

But, for the reasons first stated, I think the motion should be granted. I therefore decide that an order be entered in the clerk's office of Herkimer county, directing the clerk to strike out of the judgment entered in this action the costs inserted therein, and to conform the said judgment to the decision of the court; and that the appellant pay to the respondent five dollars costs of this motion.