GRIFFITH G. WILLIAMS, Respondent, *v.* JOHN THORN et al., as Trustees, etc., Appellants.

In an action brought by a creditor of B. against trustees holding a trust estate for his benefit, to reach and collect the debt out of said estate, a judgment was rendered which fixed the amount of "the surplus income of said trust estate  *  *  *  during the three years subsequent to the commencement of the action," and directed that plaintiff's debt and costs be paid out of said surplus. No appeal was taken from this judgment; a copy thereof was served on defendants' attorney and on defendants, with a formal demand requiring payment according to the terms of the judg-

ment. The demand not having been complied with, an order was granted on motion directing execution against the property of T., one of the defendants. *Held*, no error; that the order was within the power and discretion of the court; that the judgment in effect determined that so much of accrued income was in the defendants' hands, and defendants were concluded thereby from showing that such was not the fact; and that, by disobeying the command of the judgment, T. became personally liable for the debt.

*It seems*, that defendants' remedy in case the judgment was not correct, in determining that the amount stated was in their hands, was by motion to correct the judgment.

(Argued June 1, 1880; decided June 15, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, directing that an execution issue herein against the property of defendant Thorn.

This action was brought against defendants, as trustees, under the will of John Butterfield deceased, to reach the trust estate or the income thereof, and to have the same applied in payment of a debt existing in favor of plaintiff against the beneficiary.

The facts appear sufficiently in the opinion.

*Nicholas E. Kernan* for appellants.

*Alfred C. Coxe* for respondent. The appeal from the order concedes the validity of the judgment, and it cannot be questioned or reviewed. (*Dunlap* v. *Edwards*, 3 Comst. 342; *Clark* v. *Bininger*, 75 N. Y. 344; *People* v. *Rochester R. R.*, 76 id. 294.)

FINCH, J. The plaintiff was a creditor of John J. Butterfield, and the defendant Thorn was the latter's trustee under the will of his father, holding in that capacity an estate for the benefit of the son. The creditor sought to collect his debt out of the trust estate, and a long and severe litigation finally culminated in a judgment, by the terms of which it was decreed: "that the surplus income of said trust estate amounted, during the

three years subsequent to the commencement of the action, to the sums of $703.57, $874.39 and $994.52, respectively, amounting in the aggregate to the sum of $2,572.48," and that the debt of the plaintiff and his costs be paid by the trustee out of this surplus. From this judgment no appeal was taken, and it became, of necessity, absolute and conclusive. It was duly entered in the proper office, on the 6th day of August, 1879. On the same day a copy was served on the defendants' attorney, and on the 28th of August on the defendant Thorn. On that day, a formal demand was also served upon him, requiring him to pay pursuant to the terms of the judgment. No attention was paid to this demand, and on the 13th of October a notice of motion was served on behalf of plaintiff, asking for leave to issue an execution against the trust estate, or against said defendant Thorn individually, as a punishment for his contempt in disobeying the mandate of the court. The motion was granted, so far as to permit a precept to be issued for the collection of plaintiff's debt out of the property of Thorn. This order was affirmed by the General Term, and from that affirmance this appeal was taken.

Certainly, the order was within the power and discretion of the court. The defendant was bound by the judgment. That determined that he had the money applicable to the payment of this debt and ordered him to pay accordingly. It may be possible to criticise the language of the judgment as not expressly, and in terms, declaring that the fund determined to be surplus income is actually in the defendants' hands. We cannot give it such interpretation. To do so would practically annul it, for it makes no reference to income afterward to accrue, and operates solely upon income already received. If, as to that, it is ineffectual as fixing the surplus actually on hand, it is deprived of all force, and a long litigation has terminated in a judgment having form indeed, but not substance. The decree fixes the surplus income of the three preceding years, and out of that commands the trustee to pay the plaintiff's debt. No word is said of the future, and no provision made

for income yet to accrue. The judgment must be construed as determining that so much of accrued income is on hand, and, therefore, directing its immediate application to plaintiff's debt. Thus understood, it bars the defense which the trustee now makes, that he has not the money on hand. That is merely to contradict the judgment. The place, and time, to have so defended was on the trial and before the judgment settled the contrary. We cannot listen to it now. The explanation made indicates that there may be some hardship in the situation. It appears that the wife of the beneficiary began an action against him for a limited divorce, and obtained a decree awarding her $2,000 per year, and the use of a house which formed part of the trust estate. That action appears to have been commenced at about the same time as plaintiff's, and the decree therein to have been rendered in August, 1875. The trustee now claims that he paid over to the wife, in pursuance of her decree, the whole of the income of the trust estate. But that fact, if it existed, preceded this judgment, and we must assume was properly considered, and the judgment rendered, notwithstanding. We must conclude that it has already had its due weight, and the surplus decreed is unaffected by it. It follows that while, in the first instance, the trustee was not personally liable for the debt, he has become so by disobeying the command of the judgment. The court, by the order before us, enforced its mandate.

Our conclusion is based upon the construction of the judgment above stated, as determining that the amount named in it is actually in the hands of the trustee. If that is not the fact, his remedy must be an application to the court below to correct the form of the judgment. The order should be affirmed.

All concur, except RAPALLO and DANFORTH, JJ., dissenting.

Order affirmed.