## GASZ v. STRICK.

*(Superior Court of Buffalo, Trial Term.   December 10, 1888.)*

·1. JUDGMENT—CORRECTION—COSTS—ACTION AT LAW.
    An action for an interest in land was by consent tried by the court, and plaintiff recovered. *Held,* that the court had power to correct its judgment for plaintiff so as to allow him his costs, plaintiff being entitled to costs as of course under Code Civil Proc. N. Y. § 3228, so providing, on final judgment in his favor, in an action triable by jury to recover an interest in land.

·2. SAME—NEW TRIAL.
    The correction will be made though the judgment has been vacated, and a new trial awarded under Code Civil Proc. N. Y. § 1525, which provides for the payment of all costs as a condition of the new trial.

.3. SAME—APPEAL—TIME OF TAKING.
    Plaintiff's right to the correction is not affected by the fact that if the judgment had been for costs defendant would have appealed, and not moved for a new trial. The limitation will not begin to run against his right to appeal from the corrected judgment, under Code Civil Proc. N. Y. § 1351, so providing, until its entry, and service of copy and notice of entry.

Action by Peter Gasz against Michael Strick, for the possession of certain. real estate. Plaintiff moves to correct the findings of the court by striking .out the provision disallowing costs, and inserting a provision for judgment with costs.

*Le Roy Parker,* for plaintiff.   *D. G. Jackson,* for defendant.

HATCH, J.   The complaint in this action alleged that the plaintiff was the .owner and entitled to possession of certain real estate, particularly describing the same; that the defendant wrongfully withholds the same from the plaintiff, and demands judgment for its possession, with damages for the withholding.   The defendant, for answer—*First,* denies the allegation of the complaint, except as admitted; *second,* admits that he is in possession of a portion .of the said premises, then alleges title by adverse possession to such portion; *third,* that he is the owner in fee of said premises by deed from one George .Gasz, executed and delivered to defendant in 1847, under which which he and his grantees have been in possession since, and demands judgment dismissing the complaint, with costs.   It thus appears by the pleadings that the action was brought to recover an interest in real property, and as such was triable by a jury.   The cause was noticed for trial, and placed upon the calendar by plaintiff, as an equity cause; when moved for trial, question arose as to its character, but both parties finally agreed to try it before the court, and it was so tried.   The court held and decided, upon the proofs, that the parties were tenants in common of the premises; that the plaintiff owned five-sixths, and the defendant owned one-sixth; and thereupon directed judgment declaratory of said respective interests, without costs as against either.   The defendant .claimed title to and occupied more than the one-sixth portion.   Judgment was entered by plaintiff in conformity with such direction.   Subsequently defendant moved for a new trial as matter of right, under section 1525, Code Civil Proc., which was granted, and an order duly entered vacating said judgment, and ordering a new trial.

The section of the Code under which the defendant moved for and obtained a new trial provides, as a condition of such new trial, the payment of all costs, and plaintiff now claims that, as he succeeded in the action, he became entitled, as matter of law, to the costs of the action, and should now be allowed to have the findings modified so as to permit him to enter judgment for the same.   Section 3228, Code, provides that plaintiff is entitled to costs as of course, upon the rendering of final judgment in his favor, in an action triable by jury, to recover real property, or an interest in real property.   This action, as we have already seen, was an action to recover an interest in real property, and upon the issue raised and tried plaintiff has succeeded.   He there-

fore became entitled to costs, and the court committed an error in directing judgment without costs. *Sturgis* v. *Spofford*, 58 N. Y. 103. The question thus presented is, has the court now the power to correct its finding in this respect? It is stated by COMSTOCK, C. J., in *Ice Co.* v. *Insurance Co.*, 23 N. Y 357· "The power to amend or modify the judgment cannot be questioned." In *Clark* v. *Hall*, 7 Paige, 385, Chancellor WALWORTH laid down the rule that, where the further direction asked for is merely consequential upon the decree itself, it may be amended, and that the proper practice is to supply the omission by the entry of an order. In *Bank* v. *Morton*, 67 N. Y. 199, judgment was entered upon a joint obligation against two or three joint debtors. After the issuing and return of an execution against all, unsatisfied, an equitable action was commenced to reach joint property. The court upheld an order allowing an amendment of the defect in the entry of judgment *nunc pro tunc*, made after the commencement of the equitable action. In *Grant* v. *Griswold*, 21 Hun, 509, it is held that the old cases allowed such amendments to aid in furtherance of justice, and that the Code has very much broadened the old rule. In *Rockwell* v. *Carpenter*, 25 Hun, 529, the court seems to reach the conclusion that its power is limited to such cases as do not change the decision upon the facts, or adopts a new principle of law not contained in the decision. In the exercise of the power the distinction seems to be that, if the amendment asked calls for a different determination upon the merits from that already announced, or the application of a different principle of law, it may not be granted; but, where the correction asked for is an incident or consequence of the determination, then the court possesses the power to remedy the defect. The determination of the court, as affects the respective interests of the parties, is not controlled by the question of costs, or affected thereby. The court pronounces judgment, and costs follow as an incident to that judgment, where they are given as a matter of statutory right. *King* v. *Poole*, 36 Barb. 242; *Simmons* v. *Simmons*, 32 Hun, 551; *Thiem* v. *Madden*, 27 Hun, 371. The rule is otherwise in equitable actions, for the reason that costs form a part of the relief asked or granted. *Lossee* v. *Ellis*, 13 Hun, 657.

It is suggested that, the judgment having been vacated and set aside, there is now no findings or judgment to amend. I think otherwise. The plaintiff became entitled to have his judgment, with all the relief to which the law entitled him; and inasmuch as the judgment, by reason of a mistake and misapprehension, fails to give him such relief, he becomes entitled to have it corrected, for the purpose of insisting upon his legal rights when the defendant invokes the aid of the statute in asking a new trial. It would be most unjust to allow the defendant the benefit which the statute gives, and deny to the plaintiff a right expressly secured and provided for in the same section.

It is also suggested that if the judgment had been entered with costs defendant would have appealed therefrom, and not moved for a new trial. Such course is still open. The corrected finding authorizes the entry of a modified judgment, and the time to appeal will not commence to run until its entry, and service of a copy of the judgment and notice of entry. Code Civil Proc. § 1351; *Thurber* v. *Chambers*, 66 N. Y. 42; *Beinhauer* v. *Gleason*, 15 N. Y. St. Rep. 227. It follows that the motion to correct should be granted.